UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore District Office<br>10 S. Howard Street, 3rd Fl.<br>Baltimore, Maryland 21201<br><br>         Plaintiff,<br><br>     v.<br><br>THE COMMUNITY COLLEGE OF BALTIMORE COUNTY,<br>110 Painters Mills Road<br>Owings Mills, Maryland 21117<br><br>         Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Sheri L. Chosak. The U.S. Equal Employment Opportunity Commission alleges that in June 2006, Defendant The Community College of Baltimore County failed to hire Ms. Chosak as a part-time ESOL Academic Advisor because of her age, 60.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

1

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.   At all relevant times, Defendant the Community College of Baltimore County ("Defendant CCBC") has continuously been a body politic, an instrumentality of the State of Maryland.

5.   At all relevant times, Defendant CCBC has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6.   Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.   Since at least June 2006, Defendant CCBC has engaged in unlawful employment practices at its Owings Mills, Maryland extension center, in violation of Section 4(a) of the

2

ADEA, 29 U.S.C. § 623(a).  The practices include failing to hire Sheri L. Chosak as a part-time ESOL Academic Advisor because of her age, 60.

8.     The effect of the practices complained of in paragraph 7 above has been to deprive Sheri L. Chosak of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her age.

9.     The unlawful employment practices complained of in paragraph 7 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant CCBC, its officers, successors, assigns and all persons in active concert or participation with it, from failing to hire on the basis of age and engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.     Order Defendant CCBC to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Grant a judgment requiring Defendant CCBC to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Sheri L. Chosak whose wages are being unlawfully withheld as a result of the acts complained of above.

D.     Order Defendant CCBC to make whole Sheri L. Chosak by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement and/or provide front pay where appropriate.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

      Respectfully submitted,

      RONALD S. COOPER
      General Counsel

      JAMES L. LEE
      Deputy General Counsel

      GWENDOLYN YOUNG REAMS
      Associate General Counsel

      _____/s/_____
      JACQUELINE MCNAIR
      Regional Attorney

      _____/s/_____
      DEBRA M. LAWRENCE
      Supervisory Trial Attorney

      _____/s/_____
      REGINA M. ANDREW
      Senior Trial Attorney

      UNITED STATES EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION
      Baltimore Field Office
      10 S. Howard Street, 3rd Floor
      Baltimore, Maryland  21201
      Phone:  (410) 209-2724
      Fax: (410) 962-4270